IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICK L. HANDY,**

    **Plaintiff,**

    **v.**

Civil Action 2:14-cv-1371
Judge Michael H. Watson
Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

**REPORT AND RECOMMENDATION**

Plaintiff, Rick L. Handy, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits and supplemental security income.  This matter is before the United States Magistrate Judge for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 15), the Commissioner's Memorandum in Opposition (ECF No. 2), and the administrative record (ECF No. 11).  For the reasons that follow, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

    **I.    BACKGROUND**

In his Statement of Errors, Plaintiff advances two errors.  Plaintiff first asserts that remand is required because the administrative law judge erroneously relied upon testimony from the vocational expert that conflicts with the Dictionary of Occupational Titles ("DOT") without

first resolving the conflict.  Second, Plaintiff submits that the administrative law judge's failure to mention the opinion of a state-agency psychological expert requires remand.  The Undersigned limits her discussion to evidence bearing on these contentions of error.

Plaintiff filed his application for Disability Insurance Benefits and Supplemental Security Income on March 7, 2011.  (R. at 187.)  Plaintiff's application was denied initially and upon reconsideration.  (R. at 122-136.)  Plaintiff sought a *de novo* hearing before an administrative law judge.  Administrative Law Judge Kathleen Scully-Hayes ("ALJ") held a hearing on January 30, 2013, at which Plaintiff, represented by counsel, appeared and testified.  (R. at 26–65.)

A vocational expert, Yorma Strickland ("VE"), appeared and testified at the hearing.  At the hearing, the ALJ posed questions to the VE concerning a hypothetical individual with Plaintiff's age, education, past relevant work, and the all of the limitations she ultimately included in the residual functional capacity ("RFC") with the exception of a limitation for a sit/stand option.  The VE initially testified that the hypothetical individual could perform Plaintiff's past relevant work, but changed her testimony upon cross-examination.  (R. at 62, 64.)  The VE further testified that the hypothetical individual with this RFC could sustain employment and identified representative jobs such as ticket taker (DOT code 344.667-010), with approximately 2,000 jobs in the state of Ohio or 83,000 nationally; laundry worker (DOT code 302.685-010), with approximately 5,000 jobs in the state of Ohio or 50,000 nationally; and cashier, with 5,000 jobs in the state of Ohio or 150,000 nationally.  (R. at 62-63.)  When the ALJ added the sit/stand option such that the hypothetical now reflected the RFC she ultimately determined for Plaintiff, the VE testified that this additional limitation only eliminated the

position of laundry worker. (R. at 63.) Upon further questioning from the ALJ, the VE testified that her testimony was consistent with the DOT. (R. at 64.)

On March 29, 2013, the ALJ issued a decision finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. at 10–21.) In reaching this decision, the ALJ set forth Plaintiff's RFC as follows:

> After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that he must be permitted to alternate between sitting and standing. He can climb, balance, and stoop occasionally. He can engage in frequent fine and gross motor manipulation. He must avoid temperature extremes; wet/humid environments; and fumes, odors, dusts, and poor ventilation. He can perform low stress jobs, defined as work not involving production rate pace. He can handle occasional changes in job settings and duties. He can perform simple, routine tasks. He can handle occasional and superficial interaction with supervisors, coworkers, and the public. He experiences only occasional lapses in his ability to maintain attention and concentration.

(R. at 14.)

In connection with Plaintiff's mental RFC determination, the ALJ discussed Plaintiff's allegations and offered a credibility assessment. She also considered and discussed the opinions of Plaintiff's treating physician, Saleem Khan, M.D., and consulting examiners Drs. Swearingen and Tanley. In addition, citing the opinion of Kristen Haskins, Psy.D., the ALJ noted that "[t]he state-agency found moderate limitation in the capacity to interact with the public and coworkers and accept instructions and supervisory criticism." (R. at 15.) Finally, the ALJ explained his reasons for assigning "substantial weight" to the opinions of Drs. Tanley and Swearingen and "lesser weight" to the opinion of Dr. Khan. (R. at 16-17.) The ALJ's RFC determination was consistent with his analysis of the record evidence and his assignment of substantial weight to the opinions of the consulting examiners.

3

The ALJ relied upon the VE's testimony to conclude that jobs exist in significant numbers in the national economy that Plaintiff can perform. In doing so, the ALJ incorrectly stated that based upon the RFC she set forth, the VE testified that the hypothetical individual could perform the exemplary occupations of ticket taker, laundry worker, and cashier.[1] The ALJ also stated, "Pursuant to [Social Security Ruling 00-4p], the I have determined that the vocational expert's testimony is consistent with the information contained in the [DOT]." (R. at 20.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.

On June 24, 2014, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the Commissioner's final decision. (R. at 1-6.) Plaintiff then timely commenced the instant action.

## II. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)).

---

[1] As noted above, when the ALJ added the sit/stand limitation, the VE testified that the laundry worker position would be eliminated.

Although the substantial evidence standard is deferential, it is not trivial.  The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'"  *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'"  *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### III.  ANALYSIS

**A.  The ALJ's Reliance on the VE's Testimony**

As set forth above, within his first contention of error, Plaintiff asserts that the ALJ erroneously relied upon testimony from the vocational expert that conflicts with the DOT without first resolving the conflict.  In support of this assertion, Plaintiff first points out that the ALJ's reference to the laundry worker position was misplaced given that the VE eliminated that representative occupation with the addition of the sit/stand limitation to the RFC.[2]  Plaintiff then submits that it is obvious that the RFC limitation of "can handle occasional and superficial

---

[2]Plaintiff does not contend that this error, alone, is constitutes a reversible error.  The Undersigned notes, however, that the ALJ's error in including the laundry worker position is harmless given her reasonable reliance on the remaining positions of ticket taker and cashier.

5

interaction with supervisors, coworkers, and the public," (R. at 14), conflicts with the remaining two representative occupations of ticket taker and cashier. Plaintiff concludes that the ALJ therefore failed in her duty under Social Security Ruling 00-4p to resolve the apparent inconsistencies between the VE's testimony an the DOT and that remand is necessary to correct this error.

As a threshold matter, the Court recognizes the potential conflict between the VE's testimony and the DOT that Plaintiff has raised for the first time in his Statement of Errors. "'[O]ccasionally' means occurring from very little up to one-third of the time.'" S.S.R. 83-10 (1983); *see also Hensley v. Astrue*, 573 F.3d 263, 265 (6th Cir. 2009) (citing S.S.R. 83-10 (1983)) ("[I]n social security disability cases the word 'occasionally' is a term of art: it means up to one-third of someone's working time."). Although the DOT does not mention the frequency with which an individual performing work as a ticket taker or cashier would interact with people, one might speculate that it could be more than one-third of the individual's working time.

Nevertheless, the Undersigned finds that the ALJ did not violate her affirmative duty to identify conflicts. Social Security Ruling 00–4p instructs that the ALJ "has an affirmative responsibility to ask about any possible conflict between the VE and . . . evidence and information provided in the DOT." SSR 00–4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). "In the Sixth Circuit, the ALJ's duty is satisfied if he or she asks the VE whether his or her testimony is consistent with the DOT." *Johnson v. Comm'r of Soc. Sec.*, 535 F. A'ppx 498, 508 (6th Cir. 2013). Here, the ALJ asked if there was a conflict, and the VE testified that there was not. "Nothing in SSR 00–4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Martin v. Comm'r*

6

*of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006).  Because Plaintiff's counsel did not bring any potential conflicts to the ALJ's attention prior to when she rendered her decision, the ALJ committed no reversible error.  *See id.* (finding no reversible error where the claimant "did not bring the conflict to the attention of the ALJ" and "the ALJ specifically asked if there was a conflict and the uncontradicted testimony of the vocational expert indicated that no conflict existed"); *see also Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168–69 (6th Cir. 2009) ("[T]he ALJ is under no obligation to investigate the accuracy of the VE's testimony beyond the inquiry mandated by SSR 00–4p.  This obligation falls to the [claimant's] counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT.  The fact that [the claimant's] counsel did not do so is not grounds for relief." (internal citations omitted)).

Accordingly, it is **RECOMMENDED** that Plaintiff's first contention of error be **OVERRULED**.

**B.     The ALJ's Consideration of the Opinion Evidence**

Plaintiff next submits that the ALJ's failure to mention the opinion of a non-examining, state-agency psychological expert requires remand.  Plaintiff refers to the July 27, 2011 opinion of Patricia Semmelman, Ph.D.  Dr. Semmelman opined, among other things, that Plaintiff "can interact occasionally and superficially and receive instructions and ask questions appropriately in smaller or more solitary and less public to nonpublic work setting."  (R. at 74.)  Plaintiff submits that the ALJ's failure to explicitly consider this opinion cannot be considered harmless error given that this specific limitation was not incorporated into the RFC.

Plaintiff acknowledges that the ALJ did, however, consider a the more recent, March 17, 2012 opinion from non-examining, state-agency psychological expert Kristen Haskins, Psy.D.

(R. at 15, 116.) Significantly, Dr. Haskins agreed with and adopted Dr. Semmelman's earlier opinion that Plaintiff "can interact occasionally and superficially and receive instructions and ask questions appropriately in smaller or more solitary and less public to nonpublic work setting." (R. at 116.) As Plaintiff notes, although the ALJ explicitly considered Dr. Haskin's opinion and provided only minimal discussion, she did not state what weight she assigned to the opinion. As noted above, the ALJ did, however, discuss the opinions of the consulting physicians at length and assigned their opinions "substantial weight." (R. at 17.) In assigning the opinions of consulting physicians Drs. Tanley and Swearingen "substantial weight," the ALJ reasoned that "their conclusions are supported by their mental status examination findings . . . and are consistent with the information in the treatment notes . . . ." (*Id.*) In addition, after discussion the opinions of Drs. Tanley, Swearingen, and Plaintiff's treating physician, Dr. Kahn, the ALJ noted that he assigned Dr. Kahn's opinion "lesser weight" reasoning as follows:

> Ordinarily, a degree of deference is due treating source opinion; however, I assigned lesser weight to treating physician Kahn's findings of marked limitation with regard to interacting with the public, supervisors, and coworkers and adapting to workplace changes, as those findings are not consistent with the information in the treatment notes.

(*Id.*) Notably, Plaintiff does not challenge the ALJ's consideration and weighing of the opinions of Drs. Tanley, Swearingen, and Dr. Kahn.

The Undersigned agrees with Plaintiff that the ALJ erred in not expressly mentioning the opinion of state-agency reviewing physician Dr. Semmelman. *See* SSR 96–8p 1996 WL 374184, at *7 (July 2, 1996) ("The RFC assessment must always consider and address medical source opinions."). The Undersigned finds that this error is harmless, however, because the ALJ did

8

expressly consider the more recent opinion of state-agency reviewing physician Dr. Haskins, which essentially mirrored the opinion of Dr. Semmelman. (R. at 17, 74, 116.)

The Undersigned further finds that the ALJ's failure to explicitly assign weight to the opinion of state-agency reviewing physician Dr. Haskins also constitutes harmless error. The regulations provide that where, as here, the ALJ does not assign controlling weight to the claimant's treating physician, he or she must explain the weight assigned to the opinions of the medical sources:

> Unless a treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the administrative law judge must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for us.

20 C.F.R. § 416.927(e)(2)(ii). Where an ALJ's opinion satisfies the goal of § 416.927 and is otherwise supported by substantial evidence, the failure to explicitly provide the weight assigned is harmless. *See, e.g.*, *Pasco v. Comm'r of Soc. Sec.,* 137 F. App'x 828, 839 (6th Cir. 2005) (harmless error where the ALJ failed to mention or weigh the report of consultative neurologist who only evaluated plaintiff once and was not a treating source); *Dykes v. Barnhart*, 112 F. App'x 463, 467–69 (6th Cir. 2004) (failure to discuss or weigh opinion of consultative examiner was harmless error); *cf. Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 551 (6th Cir. 2010) (explaining that the treating physician rule "is not a procrustean bed, requiring an arbitrary conformity at all times. If the ALJ's opinion permits the claimant and a reviewing court a clear understanding of the reasons for the weight given a treating physician's opinion, strict compliance with the rule may sometimes be excused.").

9

Such is the case here. With the exception of a limitation to "a smaller or more solitary and less public to nonpublic work setting," the ALJ's RFC determination incorporated each of the limitations the state-agency physicians opined. (R. at 17, 74, 116.) Moreover, the ALJ's RFC determination was *more restrictive* than that opined by the state-agency reviewing physicians in that the ALJ limited Plaintiff to performing simple, routine tasks and found that he experienced occasional lapses in his ability to maintain attention and concentration. (R. at 14.) Finally, the opinions of consulting examiners Drs. Swearingen and Tanley constitute substantial evidence supporting the ALJ's mental RFC assessment. As the ALJ pointed out, Plaintiff reported to both examiners that he historically had no problem getting along with people and that he got along well with co-workers and supervisors. (R. at 16-17.) Moreover, both examiners found that Plaintiff was cooperative and responded appropriately to questions and that his social presentation was unremarkable. (*Id.*) Thus, although the ALJ failed to comply with some of the regulations' terms, the Undersigned finds that the failure was harmless error because her decision is supported by substantial evidence and provides sufficient discussion to allow for meaningful review of her RFC assessment.

Accordingly, it is **RECOMMENDED** that Plaintiff's second contention of error be **OVERRULED**.

## IV.   CONCLUSION

In sum, from a review of the record as a whole, the Undersigned concludes that substantial evidence supports the ALJ's decision denying benefits. Accordingly, it is **RECOMMENDED** that the Court **OVERRULE** Plaintiff's Statement of Errors and **AFFIRM** the Commissioner of Social Security's decision.

## V. PROCEDURE ON OBJECTIONS

If Plaintiff seeks review by the District Judge of this Report and Recommendation, he may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

Plaintiff is specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

**IT IS SO ORDERED.**

Date: July 29, 2015                             /s/ *Elizabeth A. Preston Deavers*
                                                                    Elizabeth A. Preston Deavers
                                                                    United States Magistrate Judge