UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RICK L. HANDY,**

      **Plaintiff,**

    v.                          Case No. 2:14-cv-1371
                                  JUDGE GREGORY L. FROST
                                  Magistrate Judge Elizabeth P. Deavers

**COMMISSIONER OF
SOCIAL SECURITY,**

      **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's July 29, 2015 Report and Recommendation ("R&R") (ECF No. 21) and Plaintiff's objections thereto (ECF No. 22). For the reasons that follow, the Court **OVERRULES** Plaintiff's objections and **AFFIRMS AND ADOPTS** the R&R.

    **I.**    **BACKGROUND**

Plaintiff applied for disability benefits on March 7, 2011, alleging that he has been disabled since October 31, 2008. An administrative law judge ("ALJ") heard Plaintiff's case on January 30, 2013. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). That decision became the Commissioner's final decision when the Appeals Council denied review.

Two specific portions of the ALJ's written decision are relevant to this Opinion and Order. First, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to "handle occasional and superficial interaction with supervisors, coworkers, and the public." (ECF No. 11, at PAGEID # 66.) Second, the ALJ discussed the testimony of a vocational expert ("VE"),

1

who was questioned about a hypothetical individual with Plaintiff's age, education, work history, and limitations.  The VE opined that such an individual could perform the representative jobs of ticket taker and cashier.  When questioned by the ALJ, the VE answered that her testimony was consistent with the Dictionary of Occupational Titles ("DOT").  The ALJ accepted that testimony in concluding that Plaintiff was not disabled within the meaning of the Act.

Plaintiff seeks judicial review of the ALJ's decision.  In his Statement of Specific Errors filed with this Court, Plaintiff argued (in relevant part) that the ALJ erred by relying on the VE's testimony without acknowledging that the testimony conflicts with the DOT's definition of "occasional."  According to the DOT, " 'occasionally' means occurring from very little up to one-third of the time."  S.S.R. 83-10 (1983).  Plaintiff argued that ticket takers and cashiers necessarily interact with others during more than one-third of their working time.  Plaintiff concluded that the VE's conclusion that an individual with plaintiff's RFC could perform those jobs conflicts with the DOT.

The Magistrate Judge considered Plaintiff's Statement of Specific Errors and issued an R&R recommending that the Court overrule the same.  Regarding the vocational expert's testimony, the Magistrate Judge "recognize[d] the potential conflict between the VE's testimony and the DOT that Plaintiff has raised for the first time in his Statement of Errors."  (ECF No. 21, at PAGEID # 568.)  The Magistrate Judge found, however, that the ALJ did not violate her affirmative duty to identify conflicts: " 'In the Sixth Circuit, the ALJ's duty is satisfied if he or she asks the VE whether his or her testimony is consistent with the DOT.' . . .  Here, the ALJ asked if there was a conflict, and the VE testified that there was not."  (*Id*. (quoting *Johnson v. Comm'r of Soc. Sec*., 535 F. App'x 498, 508 (6th Cir. 2013).)  The Magistrate Judge noted that a claimant's counsel generally is responsible for cross examining the VE and illuminating any

potential conflicts between the VE's testimony and the DOT.  Plaintiff's counsel did not do so; accordingly, the ALJ committed no reversible error in this regard.

Plaintiff timely objected to the Magistrate Judge's conclusions.  The Court will consider those objections below.

## II.     DISCUSSION

### A.  Standard of Review

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

This standard must be applied consistently with the Court's standard of review in social security cases:

> When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a

3

substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

(ECF No. 21, at PAGEID # 566–67.)

### B. Analysis

As an initial matter, Plaintiff purports to incorporate all arguments made in his Statement of Specific Errors into his objections. Such a statement is akin to arguing that the Magistrate Judge generally erred by not accepting Plaintiff's arguments in the first instance, which is of no legal consequence. *See, e.g., Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) (a general statement that the magistrate judge erred "has the same effect as would a failure to object"). The Court proceeds to consider only those specific portions of the R&R to which Plaintiff properly objected.

Plaintiff objects to the Magistrate Judge's conclusion with respect to the ALJ's duty to resolve the potential conflict between the VE's testimony and the DOT. Although Plaintiff does not dispute that Sixth Circuit authority directly supports the Magistrate Judge's conclusion on this point, or offer any authority that refutes the Magistrate Judge's conclusion, he argues that the general rule should not apply in this case because "here, even a lay person would question whether an individual could perform work as a ticket taker or cashier if he were only capable of social interactions for up to one-third of the work day." (ECF No. 22, at PAGEID # 576.) This argument has an obvious hole, however, in that a lay person would not know that the DOT defines "occasionally" to mean "up to one-third of the work day." This logical discrepancy illustrates why this case falls under the general rule cited by the Magistrate Judge: any discrepancy might seem obvious after the fact once the claimant identifies the relevant DOT provisions. But the Sixth Circuit has clearly held that the ALJ does not have an affirmative duty to investigate the relevant DOT provisions and compare those provisions to the VE's testimony.

4

Instead, the ALJ satisfies his or her duty by considering the VE's testimony on cross examination after the claimant's counsel identifies potential discrepancies, and by asking the VE if potential conflicts exist.  The ALJ did not violate this duty in this case and therefore committed no reversible error.

Moreover, even if the ALJ did have an affirmative duty to identify obvious conflicts, the Court disagrees that the conflict in this case was as obvious as Plaintiff suggests.  It is not obvious, for example, that a person capable of "occasional and superficial interaction" with the public cannot perform the job of ticket taker.  Although further questioning from Plaintiff's counsel would have been helpful on this point, the Court agrees with the Magistrate Judge that the ALJ committed no reversible error in this regard.

In short, Plaintiff fails to identify any legal support for his argument that the ALJ erred by accepting the VE's testimony.  Plaintiff therefore fails to identify any portion of the R&R that should be modified or set aside.

### III.    CONCLUSION

Having found that none of Plaintiff's objections warrant a modification to the R&R, the Court **OVERRULES** Plaintiff's objection (ECF No. 22), **AFFIRMS AND ADOPTS** the R&R (ECF No. 21), and **AFFIRMS** the Commissioner's decision with respect to Plaintiff's claim. The Clerk is **DIRECTED** to enter judgment accordingly and remove this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**